Williams, Judge,
delivered the opinion of the court: '
The plaintiff, a captain in the United States Marine Corps, brings this suit to recover the rental and subsistence allowances provided by law for an officer having a dependent mother. The claim is based on section 4 of the act of June 10, 1922, 42 Stat. 625, 621:
“ Sec. 4. That the term ‘ dependent ’ as used in the succeeding sections of this act shall include at all times and in all places a lawful wife and unmarried children under twenty-one years of age. It shall also include the mother of the officer provided she is in fact dependent on him for her chief support.”
During the period of the claim the living expenses of the plaintiff’s mother were $100 per month, including rent, fuel, gas, and electricity, groceries, clothes, laundry, etc. Of this amount plaintiff contributed $40 per month. His four sisters and two brothers together contributed approximately $500 a year, or $41.66 per month. Aside from these contributions the mother had an independent income in her own *263 right of $215.00 a year, or $17.91 per month. In addition to this she received $12.00 a month rent for one of her rooms during portions of the years 1924, 1925, and 1926, when a daughter who lived with her was away from home attending school. The exact amount of rent received by her during the period covered by the claim is not shown.
It is clear the plaintiff’s mother was not in fact dependent on him for her chief support.
“ We think the words £ chief support ’ used in the statute should be given their ordinary and well-known meaning. ‘ Chief ’ support means £ main ’ support or £ principal ’ support. We think a mother is dependent for her £ chief support ’ if some one else is required to furnish most, or the greater part, of the funds necessary for her reasonable support.” Rieger v. United States, 69 C.Cls. 632.
While the plaintiff contributed to his mother’s support a larger amount than was contributed by either of his brothers or sisters, their contributions in the aggregate exceeded that of the plaintiff. The contributions of the plaintiff’s brothers and sisters added to her own independent income constituted 60 per cent of the living expenses of the mother during the period of the claim. It cannot be said the plaintiff’s mother was dependent on him for her chief support when he in fact supplied only 40 per cent of her necessary and actual living expenses.
In Odlin v. United States, 74 C.Cls. 633., we said:
“ Under the rule announced in the Tomlinson case, swpra, and the Rieger case, supra, it is incumbent on the plaintiff to establish that the amount necessary and proper for his mother’s support, over and above the amount of her income from other sources, was such as to make her dependent on him for her ‘ chief support.’ In other words, it must appear that the amount required for her necessary and proper support was chiefly supplied by the plaintiff.”
The plaintiff has failed to establish his claim under the rule announced, and the petition will be dismissed. It is so ordered.
Whaley, Judge; LittletoN, Judge; GkeeN, Judge; and Booth, Chief Justice, concur.